IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OMOWALE AKINTUNDE AND MANFRED WOGUGU,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, AND DAVID BOOCKER,<br><br>    Defendants. | Case No. 4:15-cv-3011 |

_____

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFFS' REQUEST FOR EXTENSION OF TIME**
_____

David R. Buntain, NSBA #10506
Tara A. Stingley, NSBA #23243
CLINE WILLIAMS WRIGHT
   JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE 68144-1105
(402) 397-1700
(402) 397-1806 (facsimile)
dbuntain@clinewilliams.com
tstingley@clinewilliams.com

John C. Wiltse, NSBA #16689
Deputy General Counsel
University of Nebraska
Varner Hall, Room 237
3835 Holdrege Street
Lincoln, Nebraska 68583-0745
(402) 472-1201 (voice)
(402) 472-2038 (facsimile)
jwiltse@nebraska.edu

*Counsel for the Defendants*

**EVIDENCE ATTACHED TO AND HYPERLINKED WITHIN**
**DEFENDANTS' BRIEF IN OPPOSITION**

1. Declaration of David R. Buntain in Support of Defendants' Brief in Opposition to Plaintiffs' Request for Extension of Time, attaching:

    **Exhibit A**: Email communications between Plaintiffs' counsel and David R. Buntain dated June 16, 2015

## I.  INTRODUCTION

COME NOW the Defendants, the Board of Regents of the University of Nebraska ("BRUN") and David Boocker, Ph.D. ("Dr. Boocker"), Dean of the College of Arts and Sciences at the University of Nebraska at Omaha (collectively, "Defendants"), pursuant to NECivR 7.1(b)(1)(A), and submit this Brief in Opposition to Plaintiffs' Request for Extension of Time [*Doc. No. 28*; *Doc. No. 29*].[1]  For the reasons that follow, Plaintiffs' request should be denied.

## II.  BACKGROUND

On May 6, 2015, the Defendants filed a Motion to Dismiss the Plaintiffs' Second Amended Complaint.  [*Doc. No. 20*; *Doc. No. 21*].  Plaintiffs' deadline to oppose Defendants' Motion was June 1, 2015.  See Fed. R. Civ. P. 6; NECivR 7.1(b)1)(B); NECivR 6.1(a).  Plaintiffs failed to oppose Defendants' Motion to Dismiss in a timely manner.

Rather, on June 2, 2015, Plaintiffs filed a "Motion for Extention [sic] of Time To File Responses to the Board of Regents' Motion to Dismiss Filed by Defendant and To File a Response [sic] David Boocker's Motion for Judgment on the Pleading [sic]."  [*Doc. No. 25*].  In support of their Motion, Plaintiffs' Brief contended the failure of Plaintiffs' counsel to act in a timely manner was caused by excusable neglect. [*Doc. No. 26*].  By Text Order entered on June 3, 2015, this Court granted Plaintiffs' Motion for more time and ordered Plaintiffs to respond to the Defendants' pending Motion to Dismiss [*Doc. No. 20*] and to Dr. Boocker's pending Motion for Judgment on the Pleadings [*Doc. No. 23*] on or before June 12, 2015.  *[See Doc. No. 27]*.  Again, Plaintiffs failed to respond to the Defendants' pending motions in a timely manner.

Instead, on June 16, 2015, Plaintiffs' counsel emailed Defendants' counsel and stated, "When I [Plaintiffs' counsel] sought an extension of time last week, I forgot that I

---

[1]  Plaintiffs have not filed a formal motion for extension of time pursuant to FED. R. CIV. P. 6.1(b)(1)(B), NECivR 6.1(a)(2), or NECivR 7.1(a).  While Plaintiffs' first CM/ECF filing (Doc. No. 28) is designated as a "motion," the actual filing is identical to Plaintiffs' supporting brief. *[Compare Doc. No. 28 to Doc. No. 29]*.

was moving to a new residence during that week. Will you object to a two business days further extension of time to respond to your motions?" *[Attachment 1: Declaration of David Buntain ("Buntain Decl."), ¶4, Ex. A]*. Plaintiffs provided no additional facts or legal authority demonstrating their dilatory filing constituted "excusable neglect" as required under Fed. R. Civ. P. 6.1(b)(1)(B) or good cause under NECivR 6.1(a)(2).

This Court's Local Rules provide that a party's failure to file an opposing brief precludes that party from contesting the moving party's statement of facts. *See* NECivR 7.1(b)(1)(C). In light of the applicable rules, and to avoid further prejudice to their rights, Defendants' counsel advised Plaintiffs' counsel that Defendants would agree to yet another request for more time if Plaintiffs would agree not to contest the Defendants' statement of facts in responding to Defendants' pending Motions. *[Buntain Decl., ¶5, Ex. A]*. Plaintiffs' counsel did not respond to this email. *[Buntain Decl., ¶5]*.

Plaintiffs thereafter filed a "Brief in Support of Their Motion for An Extention [sic] of Time To File Responses to the [Defendants'] Motion to Dismiss and [Dr.] Boocker's Motion for Judgment on the Pleading[s]" ("Plaintiffs' Brief") *[Doc. No. 28; Doc. No. 29]*. In contrast to Plaintiffs' counsel's email to Defendants' counsel, Plaintiffs' Brief contends that when Plaintiffs' counsel previously requested an extension of time from this Court on June 3, 2015, Plaintiff's counsel "*was aware* that she was moving into a new residence on June 13, 2015," but did not know how long it would take. *[Doc. No. 29, at p. 1 (emphasis added)]*. Plaintiffs further submit that the failure of their counsel "to act timely was not a willful disregard of the rules, but solely caused by lack of experience and knowledge and thus excusable neglect." *[Doc. No. 29, at p. 2]*.

### III. <u>ARGUMENT</u>

"[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it . . . . Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."

*MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990), *quoted with approval in D.A. v. District of Columbia,* Civ. Action No. 07-1084, 2007 WL 4365452, at *2 (D.D.C. Dec. 6, 2007).

Because Plaintiffs did not move for an extension prior to the expiration of the relevant deadline, Plaintiffs' belated request for additional response time is governed by FED. R. CIV. P. 6(b)(1)(B).  The Court "may exercise its discretion and decide not to consider a late-filed response that falls short of the requirements of Rule 6(b)." *D.A.,* 2007 WL 4365452, at *2.  Under Rule 6, "When an act may or must be done within a specified time, the court **may, for good cause**, extend the time . . . **on motion made** after the time has expired if the party failed to act **because of excusable neglect**." FED. R. CIV. P. 6(b)(1)(B) (emphases added).  Plaintiffs' inability to satisfy this exacting standard precludes their request for relief.

A.  **Plaintiffs' Failure to File a Formal Motion Precludes Relief Under Rule 6(b)**

Rule 6(b)(1)(B) requires a party seeking an extension after the time for responding has expired to make a formal motion for such relief.  FED. R. CIV. P. 6(b)(1)(B).  Plaintiffs' request for additional time fails to comply with Rule 6 because no formal motion was filed. *[See Doc. No. 28; Doc. No. 29].*  Other courts have recognized that it "is an abuse of the court's discretion to consider an untimely filing in the absence of such motion." *D.A.,* 2007 WL 4365452, at *2 (citing *Smith v. District of Columbia,* 430 F.3d 450, 457 (D.C. Cir. 2005) ("In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion [under Rule 6(b)].")).  Indeed, "[c]ourts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result." *D.A.,* 2007 WL 4365452, at *2 (citing *Everson v. Medlantic Healthcare Group,* No. 00-CV226, 2006 WL 297711, at *1 (D.D.C. Feb. 7, 2006) (striking motions in limine filed 4 days late because they were not accompanied by a Rule 6(b) motion)).

Because Plaintiffs' request does not satisfy Rule 6(b)(1)(B), it should be denied.

B.  **Plaintiffs Have Failed to Demonstrate Excusable Neglect to Support Their Untimely Request for Relief**

Even if the Court were to deem Plaintiffs' duplicative briefs as a formal motion in compliance with Rules 6(b)(1)(B), Plaintiffs still must demonstrate that their delay was the result of excusable neglect. "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own admission." *U.S. v. Stabl, Inc.*, 8:11CV274, 2013 WL 2322076, at *1 (D. Neb. May 28, 2013) (quoting *Miller v. Kellogg USA, Inc.*, Case No. 8:04CV500, 2006 WL 468315, at *2 (D. Neb. Feb. 27, 2006)). "In determining whether a party's neglect is excusable, this court considers: 1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party." *Patterson v. Mutual of Omaha Ins. Co.*, No. 8:10CV26, 2014 WL 6901065, at *2 (D. Neb. Dec. 4, 2014) (quotation omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The reason for delay is an important, if not the most important, factor in this analysis." *Id.* (citing *U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

Plaintiffs have failed to demonstrate excusable neglect sufficient to justify yet another extension of time. **First**, the purported reason for Plaintiffs' delay lacks credibility, particularly giving Plaintiffs' counsel's shifting explanations. While Plaintiffs' counsel initially claimed to Defendants' counsel that she forgot she was moving during the relevant time period, Plaintiffs' counsel admits in her filing to this Court that she knew she was moving when she requested the prior extension of time, rendering the entire basis for Plaintiffs' delay suspect. *[Doc. No. 29, p. 1].*

Regardless, the purported reason for delay appears to have been within the reasonable control of Plaintiffs' counsel. Courts in other jurisdictions have routinely rejected proffered explanations far less absurd than the reasons offered here. *See*

*McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("The fact that counsel has a busy practice does not establish 'excusable neglect'" under Rule 6(b)); *Citizens' Protective League v. Clark*, 178 F.2d 703, 704 (D.C. Cir. 1949) ("That an attorney has other matters in his office which require his attention does not constitute excuse for neglect of attention to any one matter."); *D.A.*, 2007 WL 4365452, at *6 (finding counsel's failure to timely file his opposition was not the result of excusable neglect where counsel's mistake could have been remedied by a simple look at the electronic case docket).

**Second**, there is no showing of good faith on the part of Plaintiffs. Plaintiffs' counsel does not contend she was unable to contact Defendants' counsel by telephone or email before the original extension expired. Upon information and belief, at no time prior to June 16, 2015, did Plaintiffs' counsel even attempt to contact Defendants' counsel to request more time. Moreover, Plaintiffs' counsel's articulated basis to this Court for needing more time contradicts her prior statement to Defendants' counsel.

**Third,** Plaintiffs' repeated delay and requests for mulligans continue to adversely impact these judicial proceedings and prejudice the Defendants. Defendants' Motion to Dismiss was initially filed three months ago. *[Doc. No. 8; Doc. No. 9]*. Following Plaintiffs' Motion to file a Second Amended Complaint, Defendants filed another Motion to Dismiss on May 6, 2015 *[Doc. No. 20; Doc. No. 21]*, followed by Dr. Boocker's Motion for Judgment on the Pleadings. *[Doc. No. 23; Doc. No. 24]*. Plaintiffs' repeated requests for extensions have precluded timely adjudication of the pending motions and Defendants' rights to dismissal from this baseless litigation. While Defendants' motions are pending (and prolonged by Plaintiffs), Plaintiffs' actions have forced Defendants to incur additional attorney's fees in responding to Plaintiffs' numerous requests and to remain in this case in perpetuity, despite valid motions warranting Defendants' dismissal. Plaintiffs' dilatory tactics cannot continue.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' untimely request, unaccompanied by any formal motion. Alternatively, Defendants request that, at a minimum, the Court apply NECivR 7.1(b)(1)(C) and preclude Plaintiffs from contesting Defendants' statements of fact in the briefs supporting Defendants' pending motions. *[See Doc. No. 21; Doc. No. 24].*

                BOARD OF REGENTS OF THE
                UNIVERSITY OF NEBRASKA, AND DAVID
                BOOCKER, Defendants

By:   s/ Tara A. Stingley
        David R. Buntain, NSBA #10506
        Tara A. Stingley, NSBA #23243
        CLINE WILLIAMS WRIGHT
           JOHNSON & OLDFATHER, L.L.P.
        Sterling Ridge
        12910 Pierce St., Suite 200
        Omaha, NE 68144-1105
        (402) 397-1700 (voice)
        (402) 397-1806 (facsimile)
        dbuntain@clinewilliams.com
        tstingley@clinewilliams.com
        **PLEASE NOTE NEW ADDRESS EFFECTIVE JUNE 1, 2015.**

        - and -

        John C. Wiltse, NSBA #16689
        Deputy General Counsel
        University of Nebraska
        Varner Hall, Room 237
        3835 Holdrege Street
        Lincoln, Nebraska 68583-0745
        (402) 472-1201 (voice)
        (402) 472-2038 (facsimile)
        jwiltse@nebraska.edu

## CERTIFICATE OF SERVICE

I, Tara A. Stingley, hereby certify that on this 17th day of June, 2015, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, which sent notification of such filing to the following:

Sheri Long Cotton - slongcotton@aol.com

                                          s/ Tara A. Stingley