IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEBRASKA

| | |
|---|---|
| **OMOWALE AKINTUNDE MANFRED WOGUGU**<br><br>**PLAINTIFFS**<br><br>**v.**<br><br>**BOARD OF REGENTS OF UNIVERSITY OF NEBRASKA**<br><br>**DEFENDANTS** | **CIVIL ACTION NO. 4:15-CV-03011** |

**PLAINTIFFS' BRIEF IN SUPPORT OF LEAVE TO FILE A REPLY TO DEFENDANT BOOCKER'S ANSWER TO COMPLAINT**

## INTRODUCTION

Plaintiffs filed a second amended complaint (DOCS 12, 12.1) alleging, among other things that Dean Boocker, acting at times in his official capacity and at times in his individual capacity identifying the following causes of action:

1. First Cause of Action (mistakenly labeled "Freedom of Speech") deprived the Plaintiffs of due process;

2. Second Cause of Action, deprived the Plaintiffs of equal protection guaranteed by the 14th amendment; and,

3. Third Cause of Action, Interference with the Plaintiffs' Freedom of Expression

Defendant Boocker filed an answer to the Plaintiffs Complaint in May 5, 2015 (22.  Defendant filed a Motion for Judgment on the pleadings May 19, 2015 (FRCP Rule 7 "Pleadings," does not permit a Reply except by order of the court. (Thomas Stewart, Jr. v. Dr. K. Barclay Dodson, CV-12-719-PHX-RCB (LOA) USDC Arizona, January 18, 2013.

## ARGUMENT

Rule 8 (b) (6) states. "An allegation, other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.  If a responsive pleading is not required, an allegation is considered denied or avoided."

Plaintiffs anticipated Defendants would seek a quick resolution of the Plaintiff's' complaint; however, Plaintiffs did not anticipate the Defendants would deliberately allege "half-truths" thus requiring   Plaintiffs not just to admit and deny, but to "further state" additional facts.

Although under other circumstances, the Plaintiffs' complaint would be secure in light of Rule 8(b) 6, now that Defendant Boocker is seeking judgment on the pleadings and his answers to Plaintiffs' complaint contain erroneous and misleading information, the Plaintiffs are forced to request leave to file a reply. Which will allow them to admit, deny and alleged further facts that will address Defendant's Answers.

As an example, Boocker's answer omits reference to the section of paragraph 31 of the Plaintiffs' Complaint which refers to the BRT procedures *active at the time* the complaint was filed.  That version required a complaint for workforce violence to be hand delivered to the dean and campus security. Defendant Boocker attached the current 2015 modified BRT procedures; however, even those procedures require a workforce violence complaint to be emailed to the dean and hand delivered to campus security.  If plaintiffs are not allowed to file a reply, they will be deprived of alleging facts that would contest the statements contained in Boocker's answer.

Another example of Boocker's omissions is Boocker's paragraph 68 denying Plaintiffs' allegations contained in paragraphs 97 through 98 of their complaint.  Plaintiffs, will be denied an opportunity to present further facts

that challenge Boocker's answer to Plaintiffs' paragraph 98 if they are not allowed to file a reply.

On July10, 2014 Plaintiff received link to a private on line site created by Dr. Imani, the previous chair. Attached hereto as Exhibit A. In the video, Dr. Imani advise that he has delivered a copy of the video to Dean Boocker and Vice Chancellor. In the video, Dr. Imani states the following among other things:

1. He was advised of the complaint against him

2. He asked for a fact finding process

3. He was advised by Dean Boocker that there was no need for said process because Dean Boocker and the university knew the allegations were not true and the University and the Dean would stand behind him.

Defendants also deny that Defendant Boocker taped a meeting he held with the faculty to have them choose what course they wanted to take in the University. Attached as Exhibit B are copies of the audios memorializing the meeting.

Attached hereto as exhibit C are emails confirming the audios were recorded by Defendant Boocker.

Plaintiffs state that it is in the interest of fairness and justice that they be allowed to file a reply to Defendant's Answer and properly present facts that counter the statements presented by Defendant Boocker in his Motion for Judgment of the Pleading.

/s/Sheri Long Cotton
Sheri Long Cotton
Attorney at Law
5787 Rex Mill Terrace
Rex Georgia  30273
404-849-6397
Fax 1-800-776-6649
slongcotton@aol.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of July 2015 the above was electronically filed using the CME/ECF system which will send notification of such filing to the attorney for the Defendants. /s/Sheri Long Cotton