IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OMOWALE AKINTUNDE, and MANFRED WOGUGU,<br><br>                Plaintiffs,<br><br>      vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and DAVID BOOCKER;<br><br>                Defendants. | 4:15CV3011<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion to Alter or Amend Judgment (Filing No. 54).[1]  For the reasons stated below, the Motion will be denied.

## BACKGROUND

On August 20, 2015, the Court entered a Memorandum and Order (Filing No. 52) concluding that the doctrine of sovereign immunity barred Plaintiffs' claims against Defendants Board of Regents of the University of Nebraska ("BRUN"), David Boocker ("Boocker") in his official capacity, and the University of Nebraska at Omaha ("UNO"), to the extent UNO was a party.  The Court also concluded that qualified immunity barred Plaintiffs' claims against Boocker in his individual capacity.  Finally, the Court upheld the Magistrate Judge's denial of Plaintiffs' request to file a reply to Boocker's Answer to the Plaintiffs' Complaint.

---

[1] Although the document appearing at Filing No. 54 was identified on the docket as a "Motion to Reassign Case," the document itself is captioned as a motion to alter or amend judgment.

## STANDARD

The Court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Plaintiffs do not present evidence discovered after the Court entered its Memorandum and Order (Filing No. 52) and Judgment (Filing No. 53). Accordingly, the Court need only determine whether its previous analysis was manifestly erroneous.

## DISCUSSION

Plaintiffs' arguments in support of their Motion to Alter or Amend are difficult to decipher. Plaintiffs appear to argue that the Court erred in entering its Memorandum and Order and its Judgment on August 20, 2015, because Plaintiffs' request to file a Reply to Defendant Boocker's Answer was actually the initiation of "a formal Federal Rules of Civil Procedure Rule 11 process against the Defendant on August 17, 2015." (Filing No. 57 at 3.) Plaintiffs claim the Judgment was premature because it violated the 21 day "safe harbor" period in which Boocker could correct certain statements contained

2

in his Answer, allegedly challenged by Plaintiffs. Although Plaintiffs make reference to evidence in support of their position, no evidence in support was filed.[2]

The Court finds no manifest error in its previous Memorandum and Order. The Court's decision was not based in any way on Boocker's representations in his Answer, but solely on the deficiencies in the Plaintiffs' Complaint. Those deficiencies would not have been cured even if the Plaintiffs had been given leave to file a reply to Boocker's Answer. Accordingly,

IT IS ORDERED: The Plaintiffs' Motion to Alter or Amend Judgment (Filing No. 54) is denied.

Dated this 23rd day of September, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[2] Plaintiffs appear to attach some significance to the Court's termination of the Declaration of Sheri Long Cotton as improperly filed. (*See* Filing No. 52 at 18.) This action had no legal significance and is purely addressing a record keeping function. The Declaration of Sheri Long Cotton (Filing No. 49) was identified on the docket as an objection to the magistrate judge's order rather than as a declaration. The Court's termination of that document merely corrected the filing error.